1
2
3
4
5
6
7

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH HOOPER, an individual, | No. 07-cv-1647-JAH(CAB) |
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT |
| v. | |
| COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SHERIFF WILLIAM B. KOLENDER, in his official and individual capacities; DEPUTY SHERIFF KIRK TERRELL, in his official and individual capacities; and DOES 1 through 10, | |
| Defendants. | |

The motion of defendants County of San Diego (also erroneously sued as "San Diego County Sheriff's Department"), William B. Kolender and Kirk Terrell (hereinafter "Defendants") for summary judgment came on regularly for hearing before this Court on May 18, 2009 and Donald W. Cook appeared as attorney for plaintiff Deborah Hooper and Stephanie E. Kish appeared as attorney for Defendants.

After considering the moving and opposition papers, arguments of counsel and all other matters presented to the Court,

IT IS HEREBY ORDERED that the motion is GRANTED.

///

1    The Court finds that Defendants are entitled to judgment as a matter of law
2 because plaintiff's excessive force claims are barred by *Heck v. Humphrey*, 512 U.S. 477
3 (1994).  Plaintiff pleaded guilty to and was convicted of violating California Penal Code
4 section 148(a)(1) (resisting a peace officer) in San Diego County Superior Court.  There
5 is no genuine issue of material fact that plaintiff's resistance was contemporaneous with
6 the force used by defendant Terrell during the course of her arrest, and was a single
7 course of events that occurred over a very short period of time.  Accordingly, plaintiff's
8 claims against defendants Terrell and County pursuant to 42 United States Code section
9 1983, Article I, section 13 of the California constitution and California Civil Code section
10 52.1(b) are dismissed.

11    With respect to defendant Kolender in his individual capacity, the Court finds that
12 plaintiff has failed to make the requisite showing that a genuine issue of material fact
13 exists that defendant Kolender personally violated Plaintiff's constitutional rights,
14 acquiesced in the violation of her constitutional rights by defendant Terrell or acted with
15 deliberate indifference in failing to train, supervise or control his subordinates.
16 Accordingly, plaintiff's claims against defendant Kolender in his individual capacity are
17 dismissed.

18 DATED:    May 20, 2009         _____
19                                HONORABLE JOHN A. HOUSTON
                                  United States District Judge