1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10   DEBORAH HOOPER,                    )    Civil No.07cv1647 JAH(CAB)
                                        )
11              Plaintiff,              )    **ORDER GRANTING**
     v.                                 )    **DEFENDANTS' MOTION FOR**
12                                      )    **PARTIAL SUMMARY JUDGMENT**
     COUNTY OF SAN DIEGO;  *et al.,*    )    **[DOC. # 60]**
13                                      )
                Defendants.             )
14   _____  )

15                                **INTRODUCTION**

16          On November 28, 2011, this matter came on for hearing defendants' motion for

17   partial summary judgment.  Donald W. Cook appeared on behalf of plaintiff.  Stephanie

18   Kish appeared on behalf of defendant.  After a careful review of the pleadings and relevant

19   exhibits submitted by the parties along with the argument of counsel presented at the

20   hearing and for the reasons set forth below, this Court GRANTS defendants' motion for

21   partial summary judgment and enters judgment in defendants' favor on plaintiff's claim

22   based on liability pursuant to Monell v. New York City Department of Social Services,

23   436 U.S. 658 (1978).

24                                **BACKGROUND**

25          On May 9, 2006, plaintiff Deborah Hooper ("plaintiff") was bitten by a sheriff's

26   canine when defendant Deputy Sheriff Kirk Terrell ("Terrell") arrested her for possession

27   of methamphetamine and theft of retail merchandise.  Plaintiff, on February 21, 2007,

28   plead guilty and was convicted of petty theft, possession of a controlled substance, and

                                                                              07cv1647

1  resisting a peace officer.  On August 20, 2007, plaintiff, representing herself *pro se*, filed

2  the instant complaint. Plaintiff's current counsel substituted in on March 26, 2008.

3  Defendants filed an answer to the complaint on April 21, 2008.  Discovery was completed

4  on March 16, 2009.   On May 21, 2009, this Court granted defendants' motion for

5  summary judgment and dismissed plaintiff's excessive force claims against defendants

6  Terrell and the County of San Diego as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477

7  (1994), and dismissed plaintiff's claims against defendant Kolender in his individual

8  capacity.

9       Plaintiff appealed the Court's decision to the Ninth Circuit.  On February 28, 2011,

10  this Court spread the mandate of the Ninth Circuit filed January 4, 2011, in which the

11  Court's ruling was reversed in regards to plaintiff's excessive force claim but affirmed as

12  to the claims against defendant Kolender in his individual capacity.   A new pretrial

13  schedule was then set.   On June 20, 2011, defendants filed the instant motion for

14  summary judgment.  Plaintiff filed an opposition to the motion on August 15, 2011 and

15  defendants filed a reply brief on August 22, 2011.  The motion hearing was subsequently

16  rescheduled from September 12, 2011 to October 31, 2011, on the Court's own motion.

17  On October 20, 2011, the parties agreed to reschedule the hearing for November 28,

18  2011.  This Court heard oral argument on November 28, 2011 and issued its ruling on the

19  bench.  This Order follows.

20  <u>**DISCUSSION**</u>

21  **1.    Legal Standards**

22      **a.    Summary Judgment**

23       Summary judgment is properly granted when "there is no genuine issue as to any

24  material fact and . . .  the moving party is entitled to judgment as a matter of law."

25  Fed.R.Civ.P. 56(c).  Entry of summary judgment is appropriate "against a party who fails

26  to make a showing sufficient to establish the existence of an element essential to that

27  party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>

28  <u>v. Catrett</u>, 477 U.S. 317, 322 (1986).  The party moving for summary judgment bears the

1   initial burden of establishing an absence of a genuine issue of material fact.  <u>Celotex</u>, 477

2   U.S. at 323.  Where the party moving for summary judgment does not bear the burden

3   of proof at trial, it may show that no genuine issue of material fact exists by demonstrating

4   that "there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325.

5   The moving party is not required to produce evidence showing the absence of a genuine

6   issue of material fact, nor is it required to offer evidence negating the moving party's claim.

7   <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 885 (1990);  <u>United Steelworkers v.</u>

8   <u>Phelps Dodge Corp.</u>, 865 F.2d 1539, 1542 (9th Cir. 1989).  Rather, "the motion may, and

9   should, be granted so long as whatever is before the district court demonstrates that the

10  standard for the entry of judgment, as set forth in Rule 56(c), is satisfied."  <u>Lujan</u>, 497

11  U.S. at 885 (quoting <u>Celotex</u>, 477 U.S. at 323).

12      Once the moving party meets the requirements of Rule 56, the burden shifts to the

13  party resisting the motion, who "must set forth specific facts showing that there is a

14  genuine issue for trial."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).

15  Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is

16  insufficient.  *See* <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 990-91 (9th Cir. 1991).

17      **b.   <u>Monell</u> Liability**

18      Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may

19  be sued.  Subject to the immunities discussed in the next section, the term "person" has

20  been interpreted broadly, even to include cities, counties, and other local government

21  entities.  *See* <u>Monell</u>, 436 U.S. 658.  Although municipalities, their agencies and their

22  supervisory personnel cannot be held liable under section 1983 on any theory of *respondeat*

23  *superior* or vicarious liability, they can, however, be held liable for deprivations of

24  constitutional rights resulting from their formal policies or customs.  *See* <u>Monell</u>, 436 U.S.

25  at 691-693; <u>Watts v. County of Sacramento</u>, 256 F.3d 886, 891 (9th Cir. 2001); <u>Shaw</u>

26  <u>v. California Dep't of Alcoholic Beverage Control</u>, 788 F.2d 600, 610 (9th Cir. 1986).

27      Locating a "policy" ensures that a municipality "is held liable only for those

28  deprivations resulting from the decisions of its duly constituted legislative body or of those

officials whose acts may be fairly said to be those of the municipality." <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403-04 (1997) (citing <u>Monell</u>, 436 U.S. at 694).  Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." <u>Id.</u> (citing <u>Monell</u>, 436 U.S. at 690-691); *see also* <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if plaintiff proves that employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

There are three ways to establish liability under <u>Monell</u>:  (1) proving that a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) establishing the individual who committed the constitutional tort was an official with "final policy-making authority" and that the action challenged constituted an act of official government policy; or (3) proving that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action. <u>Hopper v. City of Pasco</u>, 241 F.3d 1067, 1083 (9th Cir. 2001); <u>Mortensen v. City of Granger</u>, 2011 WL 1980245 * 8 (E.D.Wash. May 20, 2011); <u>Galarza v. County of San Bernadino</u>, 2010 WL 375371 *2 (C.D.Cal. Feb. 2, 2010).

## 2.    Analysis

Defendants, in the instant motion, move for partial summary judgment or summary adjudication of plaintiff's allegations concerning the County of San Diego's policy, practice, or custom labeled by plaintiff as "hurt a man – charge a man" and "described [in the complaint] as one in which 'if an officer believes he has wrongly hurt a person, the officer will seek to secure the filing of a criminal charge against the person ... in the belief the conviction will prevent the person from suing for his injuries wrongfully inflicted by the officer.'"  Doc. # 60-1 at 5 (quoting Compl. ¶ 10).  Defendants explain that plaintiff

contends this policy, practice or custom "'encourages officers to use excessive force.'" <u>Id.</u> Defendants contend that there is no evidence in the record to support plaintiff's claim that the County of San Diego and the San Diego County Sheriff have a policy, practice or custom requiring their subordinates to follow this policy, custom or practice. <u>Id.</u> at 6-8.

Plaintiff, in opposition, argues that defendants' <u>Monell</u> liability rests on theory that the constitutional violation at issue was committed due to an official policy or practice. Doc. # 63 at 2-3. In support, plaintiff points out that Deputy Edwin Brock, defendants' Rule 30(b)(6) witness, testified during his deposition that Terrell's employment of the dog was in accordance with official policy of the San Diego County Sheriff's Department. <u>Id.</u> at 3. In addition, plaintiff points out Terrell admitted, during his deposition, that the use of the dog was in accordance with sheriff's department policy. <u>Id.</u> at 4-6. According to plaintiff, the record clearly indicates the dog attack was in accordance with defendants' policy or practice. <u>Id.</u> at 6.

In reply, defendants note plaintiff does not present evidence to support her allegations concerning the "hurt a man — charge a man" policy presented in her complaint but, instead, now contends <u>Monell</u> liability lies based on an unlabeled policy which resulted in the use of the dog upon plaintiff during her arrest. Doc. # 65 at 2. Defendants point out the Ninth Circuit recently rejected a similar attempt to impose <u>Monell</u> liability based on general statements of compliance with official policy and procedure. <u>Id.</u> at 3 (citing <u>Crowe v. County of San Diego</u>, 608 F.3d 406, 445-446 (9th Cir. 2010, *cert. denied* 131 S.Ct. 907 (2011)(holding <u>Monell</u> claim, which was based on general statements of compliance with official policy and procedure, failed where the complaint did not allege the policy permitted or encouraged the practice of coerced confessions)). Defendants contend that plaintiff has presented no evidence to support her allegations concerning the only policy plead in the complaint, *i.e.*, "hurt a man – charge a man," and the evidence she does submit establishes only that defendant Terrell was doing his job. <u>Id.</u>

//

07cv1647

In addition, defendants claim plaintiff's arguments in opposition appear to suggest plaintiff has abandoned her contentions regarding the "hurt a man – charge a man" policy in favor of a different policy that is alleged to have caused her injury. Id. at 5. Defendants contend this tactic is improper and should not be allowed since the complaint does not give defendants fair notice of the policy alluded to in opposition and plaintiff has not sought leave to amend her complaint to allege the new policy allegations. Id. at 3-5 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544-555 (2007)). Therefore, because plaintiff has failed to meet her burden of setting forth evidence supporting her "hurt a man – charge a man" policy allegations, defendants contend summary judgment on plaintiff's Monell claim must be granted in their favor.

Based on a thorough review of the record, this Court finds defendants' assessment is correct. Plaintiff's complaint clearly alleges defendants have implemented a "hurt a man – charge a man" policy, which plaintiff explains requires that:

> if an officer believes he has wrongly hurt a person, the officer will seek to secure the filing of a criminal charge against the person, such as a charge of violating Cal. Penal Code § 148. The officer seeks the filing of such charges on the belief that a conviction will prevent the person from suing for his injuries wrongfully inflicted by the officer. Tolerating or condoning a 'hurt a man – charge a man' encourages officers to use excessive force.

Compl. ¶ 10. There is no other mention in the complaint of any other policy, custom or practice to which defendants are alleged to have complied during the incident at issue here. See id. ¶¶ 7, 10. In order to prevail on a Monell claim at trial, plaintiff must prove that defendants expressly adopted an official policy, longstanding practice or custom that was the moving force behind her injuries. Monell, 436 U.S. at 694; see Ninth Circuit Model Jury Instruction 9.4. Plaintiff also must "identify the policy, connect the policy to the [County] itself and show the particular injury was incurred because of the execution of that policy." Garner v. Memphis Policy Dept., 8 F.3d 358, 363-64 (6th Cir. 1993). This Court finds plaintiff has failed to do so here.

In addition, plaintiff's attempt, presented in her opposition and again during oral argument, to abandon her "hurt a man – charge a man" policy allegations and replace

07cv1647

them with a new claim based on general statements of compliance with official policy and procedure clearly fail since defendants were not given fair notice in violation of Rule 8(a) of the Federal Rules of Civil Procedure and because the new allegations are improperly presented in opposition to a summary judgment motion. *See* <u>Pickern v. Pier 1 Imports (U.S.), Inc.</u>, 457 F.3d 963, 968 (9th Cir. 2006)("[t]o permit plaintiff to construe her complaint as entirely generic and, throughout the litigation, incorporate any new factual allegations without seeking amendment would read the 'fair notice' requirement out of Rule 8(a) ..."); <u>McKinney v. American Airlines, Inc.</u>, 642 F.Supp.2d 963, 982 (C.D.Cal. 2009)("Unless a plaintiff includes allegations in her complaint or informs the defendant before the close of discovery of her intent to rely on previously undisclosed allegations, she may not assert them for the first time in opposing summary judgment."). Accordingly, this Court finds that summary judgment should be granted in favor of defendants on plaintiff's <u>Monell</u> claim.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion for partial summary judgment [doc. # 60] is **GRANTED** and judgment in favor of defendants on plaintiff's <u>Monell</u> liability claim shall be entered.

DATED:      December 2, 2011

HON. JOHN A. HOUSTON
United States District Judge

07cv1647