UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH HOOPER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 07CV1647-JAH-KSC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AND GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE. (Doc. No. 396).** |

## INTRODUCTION

Pending before the Court is Defendants' Motion for Judgment on Plaintiff's California State Law Claim. *See* Doc. No. 396. Upon review of the parties' submissions, and for the reasons set forth below, the Court **DENIES** Defendants' Motion for Judgment and **GRANTS** Defendants' Request for Judicial Notice.

## BACKGROUND

On May 1, 2020, Defendants County of San Diego and Deputy Kirk Terrell ("Defendant Terrell") (collectively "Defendants") filed a Motion for Judgement for the California Law Claim. *See* Doc. No. 396. The issue has been fully briefed. *See* Doc. Nos. 403, 409, 417, 419.

## DISCUSSION

## I. Motion for Judgment

Defendants requests the Court resolve the issue of whether Plaintiff's guilty plea in violation of California Penal Code § 148(a)(1) bars her California law claim under California Civil Code § 52.1, or the Bane Act.

### a. Legal Standard

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). When considering a motion under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### b. Analysis

California Penal Code Section § 148(a)(1) states, "Every person who willfully resists, delays, or obstructs any ... peace officer ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment." Cal. Penal Code § 148(a)(1). Specifically, Defendants' Motion argues that Plaintiff's conviction for a violation of California Penal Code Section 148(a), collaterally estops Plaintiff from pursuing a California law civil claim that the involved officer used excessive or unlawful force.

In support if their position, Defendants rely on *Yount v. City of Sacramento*, 43 Cal.4th 885 (2008). In *Yount*, the California Supreme Court held, consistent with *Heck v.*

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, that a plaintiff cannot maintain a section 1983 civil rights claim for excessive force absent proof that her conviction under Penal Code section 148, subdivision (a), has been invalidated by appeal or other proceeding. *Yount* applied this rule to a no contest plea. *Yount*, *supra*, at 894–895. *Yount* does not resolve whether the same is applied to a Bane Act claim.

Defendants contend that *Yount* distinguished two types of excessive force claims, one "involves a convicted plaintiff who contends that he 'offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him.' The other type of claim involves a convicted plaintiff who contends that the 'use of deadly force was an unjustified and excessive response to [his] resistance.' " *See* Doc 396-1 at 7 (citing *Yount*, 45 Cal.4th at 898). Defendants argue that Plaintiff's testimony indicates she is claiming the first type of excessive force claim, where no force was justified, therefore "in [Plaintiff's] version [of events], she had a valid defense to a California Penal Code § 148(a)(1) charge." *See* Doc 396-1 at 7.

Relying on *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766 (2017) and *Reese v. Cty. of Sacramento*, 888 F.3d 1030 (9th Cir. 2018), Defendants further argue Plaintiff's drug possession conviction "further precludes her from contending that Terrell had the *specific intent* to violate her right to be free from unreasonable seizure when – she contends – he angrily approached her swinging the scale he found in her car." *See* Doc. No. 396-1 at 8. Defendants assert that Plaintiff's guilty plea was a "judicial admission that Terrell used only lawful force on her." *Id*.

In opposition, Plaintiff asserts that the underlying premise of Defendants' motion is simply untrue. Plaintiff admits to resisting arrest, and similarly admits some use of force to subdue her was appropriate, however, Plaintiff asserts the level of force by Defendant Terrell was not justified. *See* Doc. No. 403. Moreover, Plaintiff asserts Defendant Terrell's specific intent to violate her right to be free from an unreasonable seizure can be proven if the jury determines that Plaintiff did not grab Defendant Terrell's weapon and Defendant

Terrell was aware of such and fabricated a justification for the use of force. *Id*. at 3. (citing *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) (*citation omitted*)).

After the motion was briefed, Defendants filed a supplemental document, [doc. no. 417], informing the Court of a new opinion published on June 1, 2020, which relates to the motion for judgement. The new opinion is *Kon v. City of Los Angeles,* 2020 WL 2831925, case no. B290929 of the California Court of Appeal, Second District, Division 8.

In *Kon*, the plaintiff was charged with violating California Penal Code Section 148(a)(1) for resisting arrest after an interaction with a police officer. The superior court changed the charge from a misdemeanor resisting arrest to an infraction of disturbing the peace. Kon pled no contest to the charge. Kon later filed a civil complaint for excessive force under various state law claims. The trial court dismissed Kon's complaint and entered judgment in favor if the defendant, finding that Kon's charge for resisting arrest, even though dismissed, had barred his civil action. The California Court of Appeal reversed the trial court's decision, finding:

> Concerns for finality and consistency mean California courts bar repetitive lawsuits unless these twin concerns have no bearing, as when the second litigation is not repetitive. When the second case raises a question different from what the first litigation settled, courts permit the second suit: there is no bar, for there is no inconsistency between the two.
>
> How you act and how police respond are two different issues. The criminal case was about the former. This civil case is about the latter.

*See Kon*, supra, at 3-4.

Plaintiff states the decision in *Kon* favors denying Defendants' motion for judgment, arguing the holding supports the premise that "[j]ust because a person 'resists' an officer does not give the officer carte blanche to use any force he wants." *See* Doc. No. 419 at 2.

In light of the California Court of Appeal's holding in *Kon,* the Court finds Plaintiff's guilty plea for a violation of Penal Code § 148(a) does not preclude her from asserting a civil action under the Bane Act against Defendants. Defendants' assertion that Plaintiff's guilty plea for resisting arrest is foreclosed because, "[w]hether the force in this case was reasonable remains unresolved to this day." *See Kon, supra*, at 3. Plaintiff does not concede that her criminal conviction barred her excessive force claims, nor did she admit that the use of force was justified by putting Deputy Terrell in reasonable fear of his life. *See id*. (citations omitted). It is of no consequence that the plaintiff in *Kon* plead no contest to disturbing the peace, whereas Plaintiff here plead guilty to resisting arrest. The California court's reasoning does not make exceptions based on whether the plea was a guilty plea or a no contest plea, rather on potential for repetition in lawsuits. Finding otherwise would be inconsistent with the basic premise of the Court of Appeal's holding.

For the same reasons as above, Defendants' arguments that Plaintiff's guilty plea for a violation of California Penal Code § 148(a) proves that Defendant Terrell lacks the specific intent to violate Hooper's rights fails. Whether Deputy Terrell had the specific intent to violate Hooper's freedom from unreasonable seizure—that is, Terrell intended to use force "more necessary under the circumstances"—should be reserved for the jury. *See Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766 (2017) (Outlining the two-prong standard for finding specific intent, stating: "The first is a purely legal determination. Is the ... right at issue clearly delineated and plainly applicable under the circumstances of the case? If the trial judge concludes that it is, then *the jury must make the second, factual, determination. Did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that ... right?*") (citation omitted) (emphasis added).

## II.   Request For Judicial Notice

Defendants request the Court take judicial notice of Plaintiff's 2007 Superior Court guilty pleas for violation of California Penal Code § 148(a)(1), and also for two other crimes arising from the sued-upon incident: illegal drug possession and theft, in support of

their Motion for Judgment. Plaintiff does not address Defendants' request for Judicial Notice.

Because the document appears to directly pertain to the matters at issue, the Court takes judicial notice of them. Fed. R. Evid. 201; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court proceedings and filings are properly subject to judicial notice if "those proceedings have a direct relation to the matters at issue.")

## CONCLUSION

Accordingly, for the reasons set forth above, the Court **DENIES** Defendants' motion for judgment on the Bane Act claim and **GRANTS** Defendants' request for judicial notice.

**IT IS SO ORDERED.**

DATED:   November 5, 2020

_____
JOHN A. HOUSTON
United States District Judge