UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH HOOPER,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et. al,<br><br>         Defendant. | Case No.: 7cv1647-JAH-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERTS (Doc. No. 401).** |

## INTRODUCTION

Pending before the Court is Plaintiff Deborah Hooper's ("Plaintiff") Motion for Leave to Designate Additional Experts. Doc. No. 401. The matter is fully briefed. *See* Doc. Nos. 401, 410. Upon review of the parties' submissions, and for the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave to Designate Additional Experts.

## BACKGROUND

Plaintiff moves the Court for leave to designate two additional experts: Babak Samimi, MD, an orthopedic surgeon, and Jesse L. Wobrock, Ph.D, a forensic biomechanical engineer and accident reconstructionist. Plaintiff states these experts would testify on factual questions not previously addressed by expert testimony, but may resolve core issues in the case. *See* Doc. No. 401 at 2.

Defendants oppose the motion on the basis that the "real purposes [of these expert witnesses] are to get around the Court's prior ruling excluding any claim based on the alleged foot injury, and to otherwise attack defendant Terrell's credibility." *See* Doc. No. 402 at 4-5. Defendants also assert that the additional experts give rise to numerous questions regarding the expert's credibility, in additional to other issues.[1] In support of its position, Defendants cite cases from the Fifth and Tenth Circuits, where the respective Courts upheld the trial court's decision to exclude additional re-trial testimony.

Defendant further argues that allowing the proposed new expert opinions would justify a Daubert-type motion to test their scientific basis. Defendant then argues if the new proposed expert opinion is allowed, it would also justify reconsideration of the Court's previous restriction of testimony by Defendants' drug-effects expert, who originally testified about "assaultive behavior he professionally observed in methamphetamine users such as plaintiff."[2] *See* Doc. No. 402 at 17.

## **DISCUSSION**

According to Federal Rule of Civil Procedure 16(e), the pretrial order "shall control the subsequent course of the action ... [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. Pro. 16(e). However, this does not render a pretrial order a "legal straitjacket binding the parties and court to an unwavering course at trial." *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003) (citation omitted). Rather, the Court has considerable discretion "to deviate from a pre-trial order," to prevent manifest injustice. *Id*.

---

[1] Including a question as to whether Plaintiff would oppose rebuttal defense experts.
[2] Defendants' argument that allowing Plaintiff's additional experts should also justify reconsideration of the Court's previous restriction of testimony by Defendants' drug-effects expert is flawed. The Court limited the testimony of Dr. Clark "to matters within the report." *See* Doc. No. 302. The Court made this determination after extensive briefing, including supplemental briefing. The Court will not treat the admissibility of expert testimony as a barter system. As such, the Court's finding of inadmissibility of Defendants' witness will not be reversed simply because Defendants argue it is more equitable to allow it in the event the Court grants Plaintiff's motion. Adding an expert does not now render inadmissible testimony admissible.

Additionally, because of its unique familiarity to the case, district courts have discretion to admit or exclude new evidence or witnesses on retrial. *Hoffman v. Tonnemacher*, 2006 WL 3457201 (E.D. Cal. November 30, 2006). As such, "if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether denial of the new evidence would create a manifest injustice." *Id*. (citing *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir.1993). In evaluating whether a party has shown "manifest injustice", courts consider four factors: (1) the degree of prejudice or surprise to the [nonmoving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). However, if the moving party knew or should have known that certain witnesses or evidence were necessary at the time of the first pre-trial, then the exclusion of those witnesses during the retrial will likely not be manifestly unjust. *See Martin's Herend Imports*, 195 F.3d at 775 n. 15. Finally, the party moving for a modification of a pre-trial order has the burden of showing that an amendment is necessary to prevent manifest injustice. *Galdamez,* 415 F.3d at 1020.

Here, the Court finds Plaintiff has not demonstrated that a modification of the pre-trial order is necessary to prevent a manifest injustice. Plaintiff seeks to have two experts testify as to Plaintiff's foot injury for the purpose of undermining Defendant Terrell's credibility by proving he, contrary to prior testimony, used a "heel-strike" as a take-down maneuver. *See* Doc. No 410 at 4. Defendant Terrell's credibility as it relates to an alleged take-down maneuver has been a central issue at the outset of this matter, and any testimony that would undermine Terrell's credibility as it relates to that maneuver was known by Plaintiff. Additionally, any testimony from Plaintiff's accident reconstructionist who would testify as to the physical impossibility of Hooper grabbing Deputy Terrell's firearm was or should similarly have been anticipated by Plaintiff at the outset of trial; especially in light of the various testimony and demonstrations presented at previous trials on the

issue. As such, Plaintiff knew or should have known that any expert testimony regarding Plaintiff's foot injury for that purpose that may "resolve core issues in the case," [Doc. No. 401 at 2], or the physical impossibility of Plaintiff's position that would preclude her from having the ability to reach for the weapon may have been necessary at the time of the first trial. Accordingly, the Court declines to exercise its discretion to allow Defendant to amend the pretrial order by disclosing additional expert witnesses, as excluding these witnesses will not result in manifest injustice. *See Martin's Herend Imports*, 195 F.3d at 775 n. 15.

**IT IS SO ORDERED.**

DATED: November 5, 2020

_____
JOHN A. HOUSTON
United States District Judge